**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| MAKAYLA MCCALL,<br>Plaintiff,<br>v.<br>WALMART, INC., et al.,<br>Defendants. | Civil Action No. 25-14270 (ZNQ) (RLS)<br><br>**MEMORANDUM OPINION AND ORDER ON MOTION FOR LEAVE TO FILE THIRD-PARTY COMPLAINT** |

**SINGH, U.S. Magistrate Judge.**

**PRESENTLY** before the Court is a Motion by Defendant Stanley Access Technologies LLC (improperly named) (n/k/a Allegion Access Technologies LLC) ("Stanley") for leave to file a Third-Party Complaint to assert claims against Mackenzie Automatic Doors Inc. ("MAD"). (Doc. No. 36). No timely opposition to the Motion has been filed. The Court has fully considered the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1(b). For the following reasons, the Court grants Stanley's Motion.

This matter arises out of a claim by Plaintiff Makayla McCall ("Plaintiff") that she was injured when she fell on July 1, 2023 on the premises of the Phillipsburg, New Jersey location of Defendant Walmart, Inc. ("Walmart"). (*See* Doc. No. 1-2). More specifically, Plaintiff alleges that, as she exited the Walmart store, the automated doors

struck both sides of her body, causing her to fall forward and sustain injuries. (*See* Doc. No. 18 at ¶¶ 7-9).

On August 7, 2025, Walmart removed Plaintiff's Complaint to this Court and, on March 4, 2026, Plaintiff filed a First Amended Complaint, adding, *inter alia*, claims against Stanley. (Doc. Nos. 1, 18). Plaintiff alleges that, at the time of the accident, Stanley "was the contractor of the automated doorway[.]" (Doc. No. 18 at ¶ 25). Stanley filed its Answer to the First Amended Complaint on May 18, 2026 and its Answer to Walmart's Crossclaims on June 8, 2026. (Doc. Nos. 23, 26). In its Answer to the First Amended Complaint, Stanley denies being the contractor responsible for maintaining the doors at the Walmart store at the time of the accident. (Doc. No. 23 at ¶¶ 25-26).

On July 22, 2026, Stanley filed this Motion. (Doc. No. 36). Stanley asserts that, after receiving the First Amended Complaint, it conducted an investigation regarding the allegations at issue. That investigation revealed an August 1, 2020 Distributorship Program Agreement between Stanley and MAD (the "Distribution Agreement"). (*See* Doc. No. 36 at pp. 6-7; Doc. No. 36-3). Stanley alleges that, pursuant to the Distribution Agreement, MAD was responsible for all liabilities to third-parties as a result of its activities under the agreement and owe Stanley an obligation to defend and indemnify Stanley from Plaintiff's claims. (*See* Doc. No. 36 at pp. 6-7). Accordingly, Stanley seeks to file a Third-Party Complaint against MAD, asserting claims of contribution and indemnification. (*See* Doc. No. 36-4).

Rule 14 of the Federal Rules of Civil Procedure permit a defendant to "serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). When seeking to assert a third-party complaint after fourteen (14) days of serving its answer, a defendant must first seek leave of Court upon motion. *Id.* The necessary linchip for permitting joinder lies in the dependency of the third-party claim to the main claim. *See F.D.I.C. v. Bathgate*, 27 F.3d 850, 873 (3d Cir. 1994); *Stewart Title Guar. Co. v. Law Offices of David Fleischmann, PC*, No. 21-16713, 2024 WL 3585695, at *4-5 (D.N.J. July 30, 2024). As a result, courts will permit interpleader if a third-party plaintiff asserts claims of secondary liability, such as indemnification and/or contribution. *See Stewart Title*, 2024 WL 3585695 at *5 (citing cases).

The Court considers certain equitable factors in determining whether to grant leave to file a third-amended complaint more than fourteen (14) days after the filing of an answer, including: "(1) the timeliness of the motion; (2) the probability of trial delay; (3) the potential for complication of issues at trial; and (4) prejudice to the original plaintiff." *Hitachi Capital Am. Co. v. Nussbaum Sales Corp.*, No. 09-731, 2010 WL 1379804, at *5 (D.N.J. Mar. 30, 2010). The Court also considers "whether the third-party claims are 'obviously unmeritorious.'" *Stewart Title*, 2024 WL 3585695, at *7 (quoting *Ernest Bock & Sons, Inc. v. Dean Entrps., Inc.*, No. 22-4739, 2023 WL 4268250, at *2 (D.N.J. June 29, 2023)).

Here, Stanley asserts a timely and unopposed Motion to interplead an entity it

claims are secondarily liable for the claims asserted against it by Plaintiff. As such, Stanley has a proper basis to implead MAD pursuant to Rule 14(a)(1) of the Federal Rules of Civil Procedure.

The Court thus turns to the equitable factors and finds that they weigh in favor of granting Stanley's Motion. First, Stanley promptly filed the Motion, after having conducted a reasonable investigation into the nature of Plaintiff's allegations. It filed its Answer to Plaintiff's First Amended Complaint on May 18, 2026 and this Motion followed approximately two months thereafter. Second, because the parties are still in the earlier stages of discovery with no trial date set, the probability of a delay in trial is minimal and not beyond the "inevitable" delay caused in most instances of interpleader. *See Stewart Title*, 2024 WL 3585695, at *7.

Third, permitting the filing of the proposed Third-Party Complaint would not materially complicate the issues at trial because the claims asserted therein arise out of the same operative facts as Plaintiff's claims. *See id.* at *8. Fourth, Plaintiff would not be unduly prejudiced by the interpleading of MAD. Indeed, Plaintiff has not opposed the Motion and there is no indication that the proposed Third-Party Complaint would increase costs or cause delays in this matter moving forward. In contrast, efficiencies may be gained by having all allegedly negligent parties joined, potentially limiting the need for non-party discovery. Finally, Stanley's proposed claims are not "obviously unmeritorious." Stanley has set forth the language of the relevant provisions of the Distribution Agreement which it argues give rise to its claims against MAD. A review

of the proposed Third-Party Complaint does not reveal that the claims "obviously" fail to state a plausible claim for relief. *See id.* at *8.

Accordingly, considering the status of this matter and Federal Rule of Civil Procedure 14(a)(1), as well as weighing the applicable equitable factors, the Court exercises its discretion and **GRANTS** the Motion.

Therefore, for those reasons and good cause having been shown,

**IT IS** on this **4th** day of **August 2026** hereby

**ORDERED** that Stanley's Motion for Leave to File a Third-Party Complaint (Doc. No. 36) is **GRANTED**; and it is further

**ORDERED** that Stanley shall file its Third-Party Complaint within seven (7) days of the date of this Order; and it is further

**ORDERED** that Stanley shall serve MAD in accordance and compliance with the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk of the Court shall **TERMINATE** the Motion pending at Docket Entry Noumber 36.

**SO ORDERED.**

**RUKHSANAH L. SINGH**
**UNITED STATES MAGISTRATE JUDGE**